## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KTW PROPERTIES, LLC, | Case No. 8:21-cv-420 |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| COLUMBIA MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

COMES NOW, Plaintiff, KTW PROPERTIES, LLC ("Plaintiff"), by and through undersigned counsel, and for Plaintiff's causes of action against Defendant, COLUMBIA MUTUAL INSURANCE COMPANY ("Defendant"), states and alleges as follows:

### I.      INTRODUCTION AND NATURE OF THIS ACTION

1.      This action involves a dispute arising under a policy of property insurance issued by Defendant to Plaintiff related to property losses resulting from a covered event that occurred on or about May 10, 2019.  This action seeks appropriate remedies and relief with respect to Policy number BPPNE2000004641, which was in full force and effect at all times material hereto.  The covered loss includes, but is not limited to, damage for property located at 13704 P Street, Omaha, Nebraska 68137.  The subject claim giving rise to this lawsuit was properly filed and is identified by Defendant as Claim Nos. 19006657, 19006658, 19006659 and 19006660.

### II.      PARTIES

2.      Plaintiff is a limited liability company organized and existing pursuant to the laws of the State of Nebraska and at all material times was the policyholder for property located at 13704 P Street, Omaha, Nebraska 68137 (the "Property").  Plaintiff is wholly owned by Kevin

Weidner, an individual residing at 21515 Pacific Street, Elkhorn, Nebraska 68022.

3.      That Defendant is an insurance business corporation domiciled in the State of Missouri with the statutory home office address at 2102 White Gate Drive Columbia, Missouri 65202 and is registered with the Nebraska Department of Insurance, registered to do business in the State of Nebraska.

### III.     JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because of the diversity of citizenship of the parties and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

5.      An actual justiciable controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 2201 regarding whether Defendant breached its duties to Plaintiff in violation of the express terms, conditions and provisions of the subject policy as more particularly described below.

6.      Venue is proper in this court pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

### IV.     FACTS COMMON TO ALL COUNTS

7.      At all times material hereto, Plaintiff was a party to an insurance contract whereby Defendant agreed to insure the Property against property damage and business interruption.

8.      Defendant issued a policy of insurance (the "Policy") to Plaintiff whereby Defendant agreed to pay for direct physical loss to the Property resulting from any peril not otherwise excluded within the Policy.

9.      On or about May 10, 2019, Plaintiff sustained direct, physical loss to the Property in the amount of not less than $457,329.92 resulting from a covered weather-related event,

namely wind and hail damage, which are not excluded within the Policy (the "Loss") and the Policy was in full force and effect at the time of the Loss.

10.    Plaintiff promptly and properly made a claim to Defendant thereafter for insurance benefits under the Policy and has fulfilled all other post-loss duties required of Plaintiff under the Policy.

11.    On or about February 7, 2020, Defendant issued a denial letter to Plaintiff refusing to pay for any damages.  Defendant allegedly relied on an independent adjuster's report which stated that the roof areas of the insured buildings had only suffered cosmetic damages, contrary to material evidence.

12.    On or about June 9, 2020, Defendant retained a forensic engineering firm, KPE Inc., to inspect the Property and the inspection conducted was highly unsatisfactory.

13.    On or about March 24, 2021, Plaintiff retained Premier Claims to assess the damages and provide an estimate for the same. Premier Claims confirmed that there was visible hail damage to the Property upon a thorough inspection and provided detailed estimates quantifying the damages.

14.    On or about August 16, 2021, Premier Claims on behalf of the Plaintiff reached out to Defendant in reconciliatory efforts over the claim at issue.

15.    There continues to be a dispute between Plaintiff and Defendant as to damage to the Property and the costs associated with repairs and/or replacement as a result of such damage to the Property.

16.    Defendant has breached the Policy by failing to pay Plaintiff all benefits due and owing under the Policy and there remains due and owing to Plaintiff in the amount of not less than $457,329.92.

17.     Defendant breached the common law duty of good faith and fair dealing by unfairly handling Plaintiff's claim, inadequately adjusting Plaintiff's claim and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Defendant's ultimate payment decision and Plaintiff is therefore entitled to damages as a result of this conduct as well.

18.     Defendant lacked a reasonable basis for the denial of benefits of the insurance policy and knew of or recklessly disregarded the lack of a reasonable basis for denying the claim.

19.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees or representatives and that such were done with Defendant's full authorization or ratification and were completed in the normal and routine course and scope of employment with Defendant.

20.     The significant effect of Defendant's wrongful and unjustified delays and refusal to tender due and owing Policy proceeds and benefits is that Plaintiff has detrimentally relied upon the contract of insurance it entered into with Defendant and remains without the benefit of the bargain.

21.     As a result of Defendant's failure to honor its obligations and duties under the Policy, Plaintiff was forced to retain the services of legal counsel to protect its rights and remedies under the Policy and as an insured.

22.     As of this date, Plaintiff has met and complied with all conditions precedent and duties under the subject insurance Policy, and all such conditions and duties have been waived by Defendant.

## V.    BREACH OF CONTRACT

23.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 22 above as though fully stated herein.

24.     Defendant sold to Plaintiff, in exchange for valuable consideration, the Policy whereby Defendant agreed to insure, *inter alia*, the Property owned by Plaintiff.

25.     Plaintiff fulfilled all of its obligations under the Policy, including the payment of certain premiums to secure insurance on the Property.

26.     Defendant's refusal to pay for the full value of the damages to the Property constitutes a breach of contract.

27.     Due to Defendant's breach of the Policy, Plaintiff has suffered damages by way of unpaid insurance proceeds and benefits, has been forced to retain counsel and further has been damaged by a sum to be determined at trial and final judgment.

28.     Plaintiff's damages include, without limitation, actual damages, interest, and consequential damages, including without limitation, attorneys' fees, costs, resulting damages from required remediation, and other foreseeable costs and expenses as a result of Defendant's breach of contract.

## VI.    BREACH OF THE COMMON LAW DUTY OF
## GOOD FAITH AND FAIR DEALING

29.     Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 28 above as though fully stated herein.

30.     There is an implied covenant of good faith and fair dealing in the insurance contract between Defendant and Plaintiff.

31.     Defendant had no reasonable basis for denying the benefits of the insurance Policy and continued to disregard such lack of reasonable basis in the claim resolution process.

32.     Defendant's reckless indifference to the facts or to the law can be inferred and imputed from its actions; specifically, Defendant unreasonably ignored Plaintiff's arguments and facts favoring replacement of the damaged roof and windows.

33.     Defendant has, in violation of the covenant of good faith and fair dealing, hindered the timely resolution of Plaintiff's insurance claim.

34.     Instead of working through the differences in the claim with the Plaintiff or his licensed adjuster, Defendant chose to go out and find someone else that would undervalue the damages in order to support Defendant's refusal to pay the full value of the damages to the Property.

35.     Defendant knows or had reason to know that it does not have a reasonable basis for denying payment of Plaintiff's Covered Loss under the Policy.

36.     Defendant's reckless indifference to the facts, evidence, and the proof submitted by Plaintiff amounts to a breach of Defendant's fiduciary responsibility for good faith and fair dealing with Plaintiff, the insured.

37.     As a direct and proximate result of Defendant's bad faith and/or its unfair property and casualty settlement practices, Plaintiff has suffered compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, public adjuster fees, costs, and expenses.

## VII.    WAIVER AND ESTOPPEL

38.     Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters properly sent by the Defendant to Plaintiff.

## VIII.   JURY DEMAND

39.   Plaintiff demands a jury trial.

## IX.   PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant, for such damages to be determined at trial, interests, litigation costs, consequential damages, attorneys' fees pursuant to Section 44-359 of Nebraska Revised Statutes, and any other further relief the Court or jury deems fair and reasonable.

KTW PROPERTIES, LLC, Plaintiff

Benjamin P.Barmore
Zerbe, Miller, Fingeret, Frank & Jadav
3009 Post Oak Blvd., Suite 1700
Houston, TX 77056
Telephone: (713) 350-3523
Facsimile: (713) 350-3607
Bbarmore@ZMFLaw.com

and

By:_____
Justin D. Eichmann - #22405
HOUGHTON BRADFORD WHITTED PC LLO
6457 Frances Street, Suite 100
Omaha, Nebraska 68106
(402) 344-4000 | (402) 933-1099 Fax
jeichmann@houghtonbradford.com

*Attorneys for Plaintiff*